# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 2019-35 |
| ) | |
| **JIMMY DAVIS,** ) | |
| ) | |
| Defendant. ) | |

ATTORNEYS:

**Gretchen Shappert, United States Attorney**
**Everard E. Potter, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
   *For the United States of America,*

**Adam Christian**
St. Thomas, U.S.V.I.
   *For Jimmy Davis.*

## ORDER

**GÓMEZ, J.**

Before the Court is Jimmy Davis's motion to change venue.

### I.    FACTUAL AND PROCEDURAL HISTORY

On June 4, 2019, the United States filed an information charging Jimmy Davis ("Davis") with two counts of assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1) and one count of possession of prison contraband in violation of 18 U.S.C. §§ 1791(a)(2) and (d)(1)(B). On July 11, 2019, a grand jury returned an indictment charging Davis with two counts of assaulting, resisting, or impeding a federal officer in violation of 18 U.S.C. § 111(a)(1) and one count of possession

of prison contraband in violation of 18 U.S.C. §§ 1791(a)(2) and (d)(1)(B).

On June 18, 2019, Davis filed a motion to change venue, arguing that his case should be transferred to the St. Croix division of the District Court of the Virgin Islands.

On July 2, 2019, the United States filed an opposition to Davis's motion to change venue.

On August 30, 2019, Davis filed a reply.

## II. DISCUSSION

In his motion, Davis concedes that he "does not have a constitutional right to be tried in the St. Croix Division because the Constitution's venue mandates are based on judicial districts, and not the divisions thereof." *Id.*; *Zicarelli v. Gray*, 543 F.2d 466, 479 (3d Cir. 1976) ("When a federal judicial district has been carved into divisions, the accused has no right to a trial held in a particular division, even the one where the crime occurred, since the constitutional guarantee is written in terms of districts.") (footnote omitted).

Davis suggests, however, that the Court should transfer this case to the St. Croix division because the crimes occurred in St. Croix, the witnesses to the crimes are located in St. Croix, and any evidence is located in St. Croix.

In criminal cases, venue is governed by Federal Rule of Criminal Procedure 18 ("Rule 18"). Rule 18 states, in pertinent part:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Fed. R. Crim. P. 18. Where a defendant seeks a transfer, "[n]othing in Rule 18 places the burden on the defendant to establish the reason for the change of venue, rather Rule 18 mandates that district courts consider the factors of convenience to the defendant, convenience to the witnesses, and the prompt administration of justice when considering where trial should be held." *United States v. Stanko*, 528 F.3d 581, 584-85 (8th Cir. 2008). Significantly, "[a] district court may consider docket management in its Rule 18 balancing, and docket issues may even outweigh convenience factors that point entirely the other way." *United States v. Lipscomb*, 299 F.3d 303, 342 (5th Cir. 2002).

Davis argues that because he is located in St. Croix, the witnesses to the alleged crimes are located in St. Croix, and the crimes alleged took place in St. Croix the Court should transfer the case to the St. Croix division. Davis states that a

trial on St. Croix would be more cost effective for the government and more convenient for the witnesses. Davis's arguments are problematic for several reasons.

First, the prosecution witnesses in this case are all government employees, for whom the United States will bear the associated travel costs. Additionally, the expenses for any defense witnesses will be covered by the Criminal Justice Act, 18 U.S.C. § 3006A(e)(1) or (2) (1976). Further, Davis is currently incarcerated in a federal facility and would not bear the costs associated with his travel to and from St. Thomas. Thus, inconvenience to Davis and any witnesses is minimal.

Finally, if this matter were tried on St. Croix, efficient docket management would suffer as the Court's available resources would be strained. Indeed, having reviewed the Court's cases, the Court finds that the Court's docket currently is better able to accommodate Davis's trial in the St. Thomas Division.

Accordingly, the Court does not find that a transfer to the St. Croix division is appropriate. *See, e.g., United States v. Addonizio*, 451 F.2d 49, 61-62 (3d Cir. 1971) (explaining that "[the district] court's determination that, on balance, other factors outweighed the consideration of convenience does not evince a lack of 'due regard' therefor"); *United States v.*

*Wheeler*, 79 F. App'x 656, 660 (5th Cir. 2003) (explaining that the district court did not abuse its discretion where "[t]he convenience of the defendants and the witnesses was duly considered by the district judge in . . . declining to transfer the case to the Greenville division.").

The premises considered, it is hereby

**ORDERED** that Jimmy Davis's motion to change venue, ECF No. 9, is **DENIED.**

S\_____
**Curtis V. Gomez
District Judge**